**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Michel-Emmanuel C.,

Petitioner,

v.

Todd Blanche, *Attorney General of the United States*; Markwayne Mullin, Secretary, *U.S. Department of Homeland Security*; David J. Venturella, *Director, U.S. Immigration and Customs Enforcement*; David Easterwood, *Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and Joel Brott, *Sheriff of Sherburne County Jail*,

Respondents.

Case No. 26-cv-04714 (MJD/ECW)

**ORDER**

---

Petitioner Michel-Emmanuel C. alleges that he was taken into the custody of officials without a lawful warrant and that he should be released from detention as a result. The Court has reviewed the petition for a writ of habeas corpus of Petitioner (Dkt. 1) and directs Petitioner to show cause why the habeas petition should not be denied on the following basis:

Petitioner pleaded guilty in 2022 to one count of violating 18 U.S.C. § 924(c) in the United States District Court for the Southern District of Florida. *See United States v. Carre*, No. 21-CR-60165 (RS). The following condition of supervision was imposed upon Petitioner at the time of sentencing:

> At the completion of the defendant's term of imprisonment, the defendant shall be surrendered to the custody of the U.S. Immigration and Customs Enforcement for removal proceedings consistent with the Immigration and Nationality Act.

*Id.*, Sentencing Judgment at 5 (Dkt. 59). According to the habeas petition filed in this matter, Petitioner was transferred from the custody of the Federal Bureau of Prisons to the custody of immigration officials—exactly in accordance with the terms of his sentencing judgment. (*See* Dkt. 1 at 2.) Even if Petitioner is correct that he was not arrested pursuant to a valid administrative warrant, it would appear that there was a lawful (and **judicially imposed**) basis for his apprehension by immigration authorities at the time of his release from prison.[1]

Accordingly, Petitioner is ordered to show cause within 14 days of the date of this Order why the requirement imposed at sentencing that he be surrendered to immigration authorities does not preclude relief on the claim raised in the habeas petition. Failure to respond to the Order will result in a recommendation that the habeas petition be denied and this matter dismissed.

**SO ORDERED.**

Dated: November 6, 2026

*s/Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge

---

[1] To the extent that Petitioner might argue that 8 U.S.C. § 1226(a) requires that an administrative warrant be issued, Petitioner is directed to show cause why he is not subject to detention pursuant to § 1226(c) rather than § 1226(a) as a result of his conviction.